IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SANDY J. SEXTON, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. CIV–21–366–JAR |
| ) | |
| KILO KIJAKAZI, ) | |
| Acting Commissioner of the ) | |
| Social Security Administration, ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

Plaintiff Sandy J. Sexton (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the finding of this Court that the Commissioner's decision should be and is **REVERSED** and the case is **REMANDED** for further proceedings.

**Social Security Law and Standard of Review**

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment[.]" 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if [her] physical or mental impairment or impairments are of such severity that [she] is not only

unable to do his previous work but cannot, considering [her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423 (d)(2)(A). Social security regulations implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[1]

Section 405(g) limits the scope of judicial review of the Commissioner's decision to two inquiries: whether the decision was supported by substantial evidence and whether correct legal standards were applied. *See Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997). Substantial evidence is "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (*quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *see also Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996). The Court may not reweigh the evidence or substitute its discretion for the

---

[1] Step one requires the claimant to establish that she is not engaged in substantial gainful activity. Step two requires the claimant to establish that she has a medically severe impairment (or combination of impairments) that significantly limits her ability to do basic work activities. If the claimant *is* engaged in substantial gainful activity, or her impairment *is not* medically severe, disability benefits are denied. If she *does* have a medically severe impairment, it is measured at step three against the listed impairments in 20 C.F.R. Part 404, Subpt. P, App. 1. If the claimant has a listed (or "medically equivalent") impairment, she is regarded as disabled and awarded benefits without further inquiry. Otherwise, the evaluation proceeds to step four, where the claimant must show that she lacks the residual functional capacity ("RFC") to return to her past relevant work. At step five, the burden shifts to the Commissioner to show there is significant work in the national economy that the claimant *can* perform, given her age, education, work experience, and RFC. Disability benefits are denied if the claimant can return to any of her past relevant work or if her RFC does not preclude alternative work. *See generally Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

Commissioner's. *See Casias v. Secretary of Health & Human Services*, 933 F.2d 799, 800 (10th Cir. 1991). But the Court must review the record as a whole, and "[t]he substantiality of evidence must take into account whatever in the record fairly detracts from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also Casias*, 933 F.2d at 800–01.

## Claimant's Background

The claimant was forty-seven years old at the time of the administrative hearing. (Tr. 21). She possesses at least a high school education (Tr. 21). She has worked as a fast-food worker. (Tr. 21). Claimant alleges that she has been unable to work since September 4, 2019, due to limitations resulting from a right knee total knee replacement, high blood pressure, and bi-polar disorder. (Tr. 58–59).

## Procedural History

On January 9, 2020, Claimant protectively filed for disability insurance benefits pursuant to Title II (42 U.S.C. § 401, *et seq.*) and for supplemental security income pursuant to Title XVI (42 U.S.C. § 1381, *et seq.*) of the Social Security Act. After an administrative hearing, Administrative Law Judge Mark J. Mendola ("ALJ") issued an unfavorable decision on March 31, 2021. Appeals Council denied review, so the ALJ's written opinion is the Commissioner's final decision for purposes of this appeal. *See* 20 C.F.R. § 416.1481.

## Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation. He

determined that while Claimant suffered from severe impairments, she retained the residual functional capacity ("RFC") to perform sedentary work with limitations.

## Error Alleged for Review

Claimant asserts the ALJ committed error in (1) failing to properly consider Claimant's obesity during his RFC determination, and (2) failing to perform a proper evaluation of the consistency of Claimant's testimony with the evidence.

## Consideration of Obesity

In his decision, the ALJ found that Claimant suffered from severe impairments of bilateral knee disorders and obesity. (Tr. 14). He determined Claimant could perform sedentary work, at less than the full range, with limitations. (Tr. 16). He determined Claimant could lift and/or carry ten pounds occasionally and less than ten pounds frequently. Claimant can also stand and/or walk two hours and sit for six hours out of an eight-hour workday. The ALJ additionally found that Claimant can occasionally climb ramps and stairs, balance, kneel, crouch, and crawl. Claimant can frequently stoop. However, Claimant can never climb ladders, ropes, and scaffolds and should otherwise avoid hazards such as dangerous moving machinery and unprotected heights. Claimant must be allowed to use a hand-held assistive device such as a cane or ambulation when walking for over twenty feet or when crossing rough or uneven terrain. (Tr. 16)

After consultation with a vocational expert ("VE"), the ALJ determined

Claimant could perform the representative jobs of order clerk, assembler, and lens inserter. (Tr. 21–22). As a result, the ALJ concluded Claimant has not been under disability from September 4, 2019, the alleged onset date, through the date of the decision, March 31, 2021. (Tr. 22).

Claimant argues that the ALJ failed to properly consider her obesity. She contends that although the ALJ found her obesity to be a severe, he failed consider the effect of Claimant's obesity on her other severe impairments and failed to analyze how this finding contributed to his RFC finding.

Social Security Ruling 19-2p requires an ALJ consider that "[t]he combined effects of obesity with another impairment(s) may be greater than the effects of each of the impairments considered separately" when assessing the RFC. Soc. Sec. Rul. 19-2p, 2019 WL 2374244, *4 (May 20, 2019). "Obesity in combination with another impairment may or may not increase the severity or functional limitations of the other impairment(s)." *Id.* at *2. Each case is evaluated based on the information in the record, resulting in "an individualized assessment of the effect of obesity on a person's functioning[.]" *Id.* at *2, *4. "[G]eneral assumptions about the severity or functional effects of obesity combined with [other] impairments" will not be made. *Id.* at *4.

At step two, the ALJ determined Claimant's obesity to be a severe impairment. (Tr. 14–15). When discussing the listings at step three, the ALJ mentioned Social Security Ruling 19-2p and stated that he took Claimant's

obesity into account during his step three analysis. (Tr. 16). However, during the ALJ's step-four RFC determination, the ALJ made no mention of claimant's obesity outside of noting her BMI from various medical records during his summary of the medical evidence. The ALJ most notably does not explain how Claimant's obesity impacted his RFC determination or the effect that the impairment had on Claimant's musculoskeletal impairments. This Court finds that the ALJ did not sufficiently consider Claimant's obesity in the RFC determination. On remand, the ALJ should consider Claimant's obesity and its overall effect on Claimant's functionality in light of her other impairments in accordance with Social Security Ruling 19-2p. Likewise, on remand the ALJ should re-evaluate his consistency analysis as it is intertwined with the RFC determination. *See Poppa v. Astrue*, 569 F.3d 1167, 1171 (10th Cir. 2009) ("Since the purpose of the [symptom] evaluation is to help the ALJ access a claimant's RFC, the ALJ's [symptom evaluation] and RFC determinations are inherently intertwined.").

## Conclusion

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied. Therefore, the Magistrate Judge finds for the above and foregoing reasons, the ruling of the Commissioner of Social Security Administration should be and is **REVERSED** and the case be **REMANDED** for further proceedings.

**DATED** this 20th day of March, 2022.

_____
**JASON A. ROBERTSON**
**UNITED STATES MAGISTRATE JUDGE**